**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION**

| | |
|---|---|
| **BRENDA S. WALLER, M.D. et. al** ) | |
|     *Plaintiff* ) | |
| ) | |
| v. ) | Civil Action No.:  4:22CV00120-TTC |
| ) | |
| **TOMMIE L. NELSON, JR., et al** ) | |
|     *Defendants* ) | |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

**COMES NOW**, Brenda Sue Waller, M.D. ("Dr. Waller") and Strange Fruit Farms, LLC., the Plaintiffs, by and through their counsel, and submit the following Supplemental Memoranda of Law at the direction of the Court to explain the requirements for substituted service of process in Florida under Florida Statutes §§ 48.081 and 48.161 (or other applicable statutes) and (2) the manner in which they satisfied all the requirements of substituted service of process under Florida law.

**RELEVANT LAW**

Defendant is a Florida Corporation with the Florida Secretary of State and is active and in good standing.  *(See Exhibit A, Florida Annual Report for years of 2021, 22, 23).*  Its registered address is 2041 Main Street, Miramar, Florida 33025, and its registered agent is noted as Tommie Nelson.  *Id*.

A.  Rule 4(h)(1) of the Federal Rules of Civil Procedure governs the methods by which service of process may be effectuated on a limited liability company:

> (h) SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or

foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name must be served:

(1) in a judicial district of the United States:

>(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or another other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1).

Alternate service was necessary where a defendant has concealed his whereabouts and is evading service, making it impossible to effect personal service despite its diligent efforts. Hernandez v. State Farm Mut. Auto. Ins. Co., 32 So. 3d 695, 698–99 (Fla. Dist. Ct. App. 2010)

Substitute service of process upon a corporate defendant by serving the Secretary of State is guided by Florida Statutes §§ 48.062 and 48.161. §48.062 states in pertinent part:

>A domestic limited liability company . . . may be served with process required or authorized by law by service on its registered agent designated by the limited liability company under chapter 605. . . . If, after due diligence, the process cannot be completed [by serving the registered agent] . . . and if . . . [t]he only person listed publicly by the domestic limited liability company . . . on its annual report, as most recently amended, is also the registered agent on whom service was attempted . . . the service of process may be served as provided in § 48.161 on the Secretary of State as an agent of the domestic limited liability company[.]

Fla. Stat. § 48.062(2), (4)(a), amended by 2022 Fla. Laws ch. 2022-190, 5–6 (effective January 2, 2023). § 48.161 states in pertinent part:

>When an individual or a business entity conceals its whereabouts, the party seeking to effectuate service, after exercising due diligence to locate and effectuate

2

personal service, may use substituted service [by Serving the Secretary of State] . . . in connection with any action in which the court has jurisdiction over such individual or business entity. . . . The party effectuating service is considered to have used due diligence if that party:

> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;
> (b) In seeking effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and
> (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

*Fla. Stat. § 48.161(3), (4)(a)–(c)*, amended by 2022 Fla. Laws ch. 2022-190, 12–14 (effective January 2, 2023). Additionally, to effectuate proper substituted service of process on a defendant concealing its whereabouts under § 48.161, a plaintiff must: (1) serve the Secretary of State by providing them with a copy of the summons and complaint; (2) pay the requisite fee to the Secretary of State; (3) provide Notice of service upon the Secretary of State to the defendant by sending them a copy of the summons and the complaint by registered or certified mail; and (4) file an affidavit of compliance within 40 days after the date of service on the Secretary of State, or within additional time if the court allows, that establishes that substituted service is proper under the section and that due diligence was exercised in attempting to effectuate personal service on the party before using substituted service. *Vega v. PBS Constr. LLC*, No. 6:23-CV-940-PGB-EJK, 2023 WL 6809633, at *3 (M.D. Fla. Oct. 16, 2023); Fla. Stat. § 48.161(1)–(2).

Federal Rule of Civil Procedure 4(h) describes the acceptable methods of service for a corporation. Federal Rule of Civil Procedure 4(h). 4(h) requires that service be made "(A) in the manner proscribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the

3

Summons and of the Complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive **service** of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the Defendant." Id.   Rule 4(e)(1) permits service "following state law for serving a Summons in an action brought in courts of general jurisdiction in the state where the District Court is located or where service is made." Federal Rule of Civil Procedure 4(e)(1).

    A. **PLAINTIFF'S MADE DUE DILIGENT INQUIRY**

Florida state law provides for substitute service in a situation, and therefore Plaintiff properly resorted to substitute service on the Florida Secretary of State in accordance with § 48.181.

The Clerk issued the summons for service on Defendant Tommie Nelson, and Hugh Johnson Enterprises Inc. (Doc. No.4). Defendant Tommie Nelson, and Hugh Johnson Enterprises Inc. are an individual and business corporation with its principal address, mailing address, and registered agent address all being registered with the Florida Secretary of State as 2041 Main Street, Miramar, FL 33025. (Doc. No. 18-1). Accordingly, Plaintiff hired a process server to serve Defendants with the Summons and Complaint at the 2041 Main Street, Miramar, FL 33025. However, Plaintiff's process server was unsuccessful after "careful inquiry and diligent attempts.   (Doc. No.44). The process server reported that "the address was a multi-family townhome residential community… Louisa Estevez, the leasing profession in the leasing office searched for Tommie Lee Nelson's name in their system and found no results"' Id.  Tommie Lee Nelson "is the Officer and Director for Hugh Johnson Enterprises, Inc., a Florida Corporation with his principal place of business located at 2041 Main Street, Miramar, Florida.".  (Doc 1, paragraph 3 and 4).  Plaintiff's process server attempted to serve both Defendants by way of

4

Defendant's Nelson's registered agent status and Officer and Director for Hugh Johnson Enterprises Inc.

## B. THE PLAINTIFFS JURISDICTIONAL REQUIREMENTS FOR SUBSITUTE SERVICE

According to Florida state law, to properly effect substituted service of process on a defendant through the Secretary of State via § 48.181; the Florida Secretary of State is automatically appointed as an agent for service of process on out of-state corporations operating, conducting, engaging in, or carrying on a business or business venture in Florida. Fla. Stat. § 48.181. *Gomez v. Team Am. Miami, Inc.*, 21-cv-20086-COOKE/DAMIAN, (S.D. Fla. May. 20, 2022).

A plaintiff's complaint must provide a basis for jurisdiction pursuant to the language of § 48.181. *Mecca Multimedia, Inc. v. Kurzbard,* 954 So. 2d 1179, 1182 (Fla. Dist. Ct. App. 2007) ("The burden of pleading facts that support, as a matter of law, the applicability of substituted service falls on the party seeking to invoke the provisions of the long-arm statute."). If the complaint does not "allege the jurisdictional requirements prescribed by [§ 48.181]" then a plaintiff cannot properly effect substitute service on a corporation in accordance with § 48.181. *Green Emerald Homes, LLC v. Fed. Nat'l Mortg. Ass'n*, 224 So. 3d 799, 802 (Fla. Dist. Ct. App. 2017). The Plaintiff's Complaint must allege that Defendant has concealed its whereabouts or was otherwise nowhere to be found before relying on § 48.181 for service of process.

Plaintiff's initial complaint did not plead a basis for jurisdiction pursuant to the language of § 48.181, nor did it provide adequate jurisdictional facts to satisfy § 48.181. Drafting of the initial complaint; based on all the Defendants held themselves out as legitimate business persons and legitimate business entities, Plaintiffs did not contemplate the location/service of the

Defendants would be of issue. Plaintiffs, thus amended the complaint and included that Tommie Nelson whereabouts were being concealed. (Doc 62, paragraphs 88, 89, 121). The Amended Complaint was filed with language revealing that the Defendant was concealing his "**whereabouts**" and stating as the original Complaint did that Defendant Nelson is the registered agent of Hugh Johnson Enterprises Inc. *Gomez,* 21-cv-20086-COOKE/DAMIAN, (S.D. Fla. May. 20, 2022). The Plaintiff satisfies this satisfies the jurisdictional requirements to effect substituted service.

### C. THE PLAINTIFFS SATISFY TECHNICAL REQUIREMENTS FOR SUBSITUTE SERVICE

The Plaintiffs served the Secretary of State on behalf of Defendant, as demonstrated by a letter, dated April 23, 2023 from the Secretary of State indicating acceptance of service for Defendant. [Doc No. 53]. Plaintiff sent a copy of the Amended Complaint to all Defendants. Defendant Nelson and Hugh Johnson enterprises were sent the Complaint with return receipt requested as Plaintiff was aware that no one was at the address on file for Hugh Johnson Enterprises Inc. and Defendant Nelson. The Amended Complaint was denied by the Court.

The Plaintiff did not file the return receipt and affidavit of compliance "on or before the return day of process because the original mailings were never actually received or accepted by the Defendant and Plaintiff asserts that Defendants "the party is actively refusing or rejecting the delivery of the notice". *See* § 48.161(2). The Court can find that Plaintiff complied with the statutory requirements for substitute service.

**WHEREFORE**, the Plaintiffs, respectfully requests that this Honorable Court enter default judgment in this matter against Defaulting Defendant, Hugh Johnson Enterprises Inc., and for such other relief as the Court may deem just and proper.

Respectfully Submitted,

**Brenda S. Waller, M.D.**
**By Counsel**

/s/ Steven D. McFadgen, Sr.
Steven D. McFadgen, Sr., Esq. (VSB#83273)
McFadgen Law, PLC
3831 Old Forest Road, Suite 6
Lynchburg, Virginia 24501
Telephone:     (434) 385-4579
Facsimile:     (434) 900-2008
muchmorelaw@gmail.com
*Counsel for the Plaintiffs*

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

**Hugh Johnson Enterprise, Inc.**
c/o Secretary of State
P. O. Box 6327
Tallahassee, FL 32314


**Registered Agent Name & Address**
Tommie Nelson
2041 Main Street
Miramar, FL 33025

/s/ Steven D. McFadgen, Sr.
Steven D. McFadgen, Sr., Esq.
(VSB#83273)
McFadgen Law, PLC
3831 Old Forest Road, Suite 6
Lynchburg, Virginia 24501
Telephone:   (434) 385-4579
Facsimile:    (434) 900-2008
muchmorelaw@gmail.com
*Counsel for the Plaintiffs*

8